(21 Misc. Rep. 59.)

GIBSON v. JOHNSON.

(Supreme Court, Appellate Term.    July 29, 1897.)

REBUTTAL EVIDENCE.
     On the trial of an action for conversion of money, alleged to have been collected by defendant as plaintiff's agent, the plaintiff testified that he had called defendant's attention to the accounts of certain customers. Defendant testified that plaintiff had not asked him about the accounts. Plaintiff, after defendant's case was closed, was recalled, and asked what was said about the accounts, in his conversations with defendant. *Held*, that the evidence called for was not in rebuttal, and was properly excluded.

Appeal from Second district court.

Action by Alfred C. Gibson against Edward Johnson.    From a judgment on a verdict in favor of defendant, plaintiff appeals.    Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Cromwell G. Macy, for appellant.

Herbert J. Hindes, for respondent.

BISCHOFF, J.    The appellant seeks a reversal of this judgment solely upon the ground that testimony offered by him after the defendant's case was rested was erroneously excluded, as not being in rebuttal; the contention proceeding upon the theory that the evidence would have served to contradict the defendant upon certain material matters as to which he testified.    To us it appears that the questions excluded called only for the plaintiff's repetition of his testimony in chief, as controverted by the defendant, or for additional evidence, which was properly a part of the plaintiff's case, and so in neither aspect evidence in rebuttal, to the admission of which class of evidence alone the plaintiff was entitled after the defendant had rested, since the case was not to be reopened as a matter of right, but only through the exercise of the court's discretion.

The action was for the conversion of certain moneys alleged to have been obtained by the defendant in the course of his employment by the plaintiff as agent for the sale of goods, and not paid over, the issue being whether or not the moneys had been received by the defendant from the purchasers.    In the course of his direct examination, the plaintiff testified that he had repeatedly called the defendant's attention to the accounts of these purchasers, appar-

ently in arrears, and had, in fact, spoken to him upon the subject whenever they met. The defendant, called as a witness in his own behalf, contradicted the plaintiff in this, testifying that the latter had not asked him about these accounts at all; but no affirmative matter was brought out upon his examination. The plaintiff was then recalled, and was asked, in purported rebuttal, what was said in the course of his conversations with defendant concerning these accounts, whether he had asked defendant to account for the moneys, whether they had conversations at certain stated times relative to these matters, and whether defendant had made certain admissions in the course of these conversations. These questions were all properly excluded, since, while they may have been suggested by the defendant's denial that any conversations such as testified to by the plaintiff had taken place, they were not necessitated by that denial, and simply went to the plaintiff's case in chief, either as tending to supply omitted details, or in reiteration of testimony given as part of that case, and contradicted by the defendant in due course of the trial, but they did not call for evidence in rebuttal.

The judgment is not otherwise assailed, and should therefore be affirmed, with costs. All concur.